## J. W. MELTON v. THE STATE.

PLEA. — The record on appeal must show that a plea to the indictment or information was made by or entered for the accused. The fact that the trial was submitted to the court without a jury does not vary the rule or dispense with the requirement.

APPEAL from the County Court of Hood.   Tried below before the Hon. J. HINER, County Judge.

The information and trial were for assault and battery. A jury was waived, and the cause submitted to the judge on the facts as well as the law.   He found the appellant guilty, and assessed against him a fine of $50.

*Cooper & Calloway, Duke & Duke*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   The record in this case fails to show that defendant pleaded to the information upon which he was tried and convicted.   As was said in *White* v. *The State*, 7 Texas Ct. App. 374: " If there was in fact no plea, then there was no issue for the jury to try or the court to determine ; if there was a plea, then the record must show it affirmatively, or the case will be reversed on appeal until it

is shown.'' There is no difference in the rule whether the case is tried by a jury, or, as in this case, by the court without the intervention of a jury. The plea must be made to appear.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*